UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAVON PATTERSON, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) No. 2:15-cv-0237-WTL-DKL |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Javon Patterson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. STP 15-04-0059. For the reasons explained in this Entry, Mr. Patterson's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 14, 2015, Correctional Major S. Rice wrote a Report of Conduct in STP 15-04-0059 charging Mr. Patterson with class A offense, #121, possession or use of a cellular device. The conduct report states:

> On 4/14/15 at approximately 1130 hours, I, Major S. Rice along with Administrative Captain M. Murff were conducting an interview with Offender Patterson, Javon #247166 about behavioral issues that have been displayed in unit #6 by several offenders. The intelligence received from other interviews conducted resulted in an interview with Patterson. Offender Patterson was questioned on the intelligence received about him owning a cellular phone and it was stolen by another offender in the dorm. During the interview, Offender Patterson verbally confirmed with Capt. Murff and myself to have been in possession of the cellular device and it in fact was stolen by another offender. Offender Patterson then went on to confirm other intelligence reports that he in fact was performing illegal transactions with what he says is his "girl" on the outside to obtain K-2 spice from another offender in the facility. He stated his "girl" would pay the other offender's "girl" and he would receive the K-2 when the transaction was completed. Offender Patterson verbally admitted several times in the interview process that he did in fact use and possessed synthetic marijuana K-2 spice many times since his arrival at the facility and his last purchase was approximately 6 weeks ago. –End of Report-

[dkt. 9-1]. On April 15, 2015, Mr. Patterson was notified of the charge of offense #121 and served with the conduct report and the notice of disciplinary hearing screening report. [dkts. 9-1, 9-2]. Patterson was notified of his rights and pled not guilty. Mr. Patterson did not request any witnesses or physical evidence. [dkt. 9-2].

On May 7, 2015, a hearing was held and the hearing officer found Mr. Patterson guilty of offense #121. [dkt. 9-3]. In making the determination of guilt, the hearing officer relied on staff reports and Mr. Patterson's statement. Based on the hearing officer's recommendation the following sanctions were imposed: a written reprimand, a thirty (30) day loss of phone privileges, a one-hundred-eighty (180) day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2, which was suspended. [dkt. 9-3]. The hearing officer recommended the

sanctions because of the seriousness of the offense, and degree to which the violation disrupted/endangered the security of the facility. *Id.*

On May 18, 2015, Mr. Patterson appealed to the Facility Head. On June 15, 2015, the Facility Head denied the appeal. [dkt. 9-4]. M r . Patterson's appeal to the Appeal Review Officer was denied on July 3, 2015. [dkt. 9-5].

### C. Analysis

Mr. Patterson is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) he was denied evidence; 2) Indiana Department of Correction ("IDOC") policy was violated; and, 3) he was unable to obtain records.

**1.** In grounds one and two of his petition, Mr. Patterson alleges the witness statements he requested were not provided to him. However, Patterson did request any witness statements. On April 15, 2015, Mr. Patterson was notified of the charge of a violation of class A offense #121 and notified of his rights. He was given the opportunity to request witnesses and physical evidence. M r . Patterson did not request either. M r . Patterson signed the screening form acknowledging that he understood his rights, including the right to request witnesses and physical evidence.

Additionally, Mr. Patterson does not allege who he would have requested as a witness or how they would have aided his defense in this case. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Here, Mr. Patterson does

not identify the witnesses or show how their testimony would have changed the outcome of this case. For this reason, to the extent Mr. Patterson was denied the right to present witness testimony, it is harmless. Mr. Patterson is not entitled to relief.

Mr. Patterson also alleges he was denied video evidence that would have shown the cell phone was not found on or hear him. First, there is no evidence Mr. Patterson requested video evidence. Next, the conduct report does not state a cell phone was found on or near Mr. Patterson. Rather, it states he confessed to being in possession of a cell phone that was later stolen from him. The hearing officer did not rely on a video in finding Mr. Patterson guilty. [dkt. 9-3]. Therefore, his claim that video evidence would show he was not in possession of a cell phone would not exculpate him as the evidence is Mr. Patterson confessed to being in possession of a cell phone. *See Meeks*, 81 F.3d at 721; *see also, Piggie*, 342 F.3d at 666 (a hearing officer may deny a witness or evidence request that is irrelevant, repetitive, or unnecessary).

**2**.    Next, Mr. Patterson argues that DOC policy was violated because the disciplinary hearing was conducted at a different facility from where the conduct report was issued. This claim does not support the relief Mr. Patterson seeks because "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted). "To say that a petitioner's claim is not cognizable on habeas review is . . . another way of saying that his claim 'presents no federal issue at all.'" *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)); *see also See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Mr. Patterson is not entitled to relief.

3.      Finally, Mr. Patterson claims he has been unable to access the conduct report, screening report, and disciplinary hearing report to prepare the petition for writ of habeas corpus. The respondent states in his response that he provided copies of such documents with his brief in opposition, as evidenced by the Court's record. [dkt. 9]. Mr. Patterson did not file a reply to the respondent's response in opposition. As such, this issue is moot.

Mr. Patterson received written notice of the charges more than twenty-four hours prior to the hearing. He received a hearing and was provided the opportunity to submit evidence. Mr. Patterson is not entitled to relief.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Patterson to the relief he seeks. Accordingly, Mr. Patterson's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 11/28/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Javon Patterson, #247166
Terre Haute Parole District
116 South 1st Street
Terre Haute, IN 47807

Electronically registered counsel